# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

6694 DAWSON BLVD, LLC,
Individually and on Behalf of a Class
of Similarly Situated Persons,

      Plaintiff,

v.

OPPENHEIMER & CO., INC.,
JAMES WALLACE WOODS,
MICHAEL J. MOONEY,
BRITT WRIGHT, WILLIAM V.
CONN, JR., CONN & CO. TAX
PRACTICE, LLC, CONN &
COMPANY, LLC, and
KATHLEEN LLOYD,

      Defendants.

Civil Action

File No.:    1:21-cv-03625-SDG

## ANSWER and AFFIRMATIVE DEFENSES
### to
### COMPLAINT

**COMES NOW** Michael J. Mooney, Defendant in the above styled civil action,

("Defendant"), and for his Answer and Affirmative Defenses shows this Court the

following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole, or in part, to the extent that Plaintiff failed to institute this action within the time required under the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole, or in part, because no alleged act or omission of Defendant has proximately caused any alleged harm to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole, or in part, by fraud of others, including but not limited to the fraud of John J. Woods and other Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole, or in part, by the illegality of others, including but not limited to the illegality of John J. Woods and other Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole, or in part, because collective or class action relief is not appropriate as Plaintiff is not similarly situated to putative class of individuals whom she purports to represent.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole, or in part, because Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure 23 to certify the class.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to act reasonably to minimize, avoid, or otherwise mitigate its alleged damages and, as a result, is or may be barred or otherwise prevented from recovering damages, or those damages will be reduced.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because no act or omission on the part of Defendant caused or contributed to any alleged injury or damage to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, due the negligence or intentional acts of others, including but not limited to the negligence or intentional actions of John J. Woods and other Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, due to Defendant acting in good faith with respect to his actions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, in that any loss, damage, or injury asserted by Plaintiff is the result of Plaintiff's own acts or omissions, or the acts or omissions of others, including but not limited to the negligence or intentional actions of John J. Woods and other Defendants, for which Defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, due to mistake of fact and/or mistake of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, due to the intervening acts of others, including but not limited to the intervening acts of John J. Woods and other Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, due to the failure to join a necessary and indispensable party, to wit: John J. Woods.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, due to setoff or double recovery with any monies Plaintiff may recover from the Security and Exchange Commission's pursuit of John J. Woods and others.

Defendant reserves the right to assert further Affirmative Defenses as they become evident through discovery investigation.

## BACKGROUND TO THE DISPUTE

The Background to the Dispute section of Plaintiff's Complaint does not necessitate a response. To the extent that a response is requested, Defendant generally denies the allegations contained within the Background to the Dispute section of Plaintiff's Complaint. Defendant also denies Plaintiff's repeated characterization of Defendant's conduct as a Ponzi scheme.

Defendant responds to the enumerated and numbered allegations set forth in Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 1 of Plaintiff's Complaint, and thus they are denied by operation of law.

2.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 2 of Plaintiff's Complaint, and thus they are denied by operation of law.

3.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 3 of Plaintiff's Complaint, and thus they are denied by operation of law.

4.

Defendant admits the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 5 of Plaintiff's Complaint, and thus they are denied by operation of law.

6.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 6 of Plaintiff's Complaint, and thus they are denied by operation of law.

7.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 7 of Plaintiff's Complaint, and thus they are denied by operation of law.

8.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 8 of Plaintiff's Complaint, and thus they are denied by operation of law.

9.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 9 of Plaintiff's Complaint, and thus

they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

10.

The allegations contained within Paragraph 10 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 10 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

11.

The allegations contained within Paragraph 11 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 11 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

12.

The allegations contained within Paragraph 12 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 12 of Plaintiff's Complaint are

denied by operation of law. Defendant further denies any imputation of liability thereunder.

13.

The allegations contained within Paragraph 13 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 13 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

14.

The allegations contained within Paragraph 14 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 14 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

15.

Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 18 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

19.

Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

**THE HORIZON PRIVATE EQUITY PONZI SCHEME**

21.

Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 22 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

23.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 23 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

24.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 24 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

25.

Defendant is without knowledge or information sufficient to either admit or deny what Oppenheimer's management did or did not do, and when they did or did not do it, and thus the allegations contained within Paragraph 25 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

26.

Defendant is without knowledge or information sufficient to either admit or deny what Oppenheimer's management did or did not do, and when they did or did not do it, and thus the allegations contained within Paragraph 26 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

27.

Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

Defendant admits the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 29 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

30.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 30 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

31.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 31 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

## PLAINTIFF'S INVESTMENT IN
## THE HORIZON PRIVATE EQUITY PONZI SCHEME

32.

Defendant is without knowledge or information sufficient to either admit or

deny the allegations contained within Paragraph 32 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

33.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 33 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

## OPPENHEIMER'S INVOLVEMENT IN THE HORIZON PRIVATE EQUITY PONZI SCHEME

34.

Defendant is without knowledge or information sufficient to either admit or deny what Oppenheimer's knew or did not know, and thus the allegations contained within Paragraph 34 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

35.

The allegations contained within Paragraph 35 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render,

and thus the allegations contained within Paragraph 35 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

36.

The allegations contained within Paragraph 36 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 36 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

37.

Defendant is without knowledge or information sufficient to either admit or deny what action Oppenheimer took or did not take, and thus the allegations contained within Paragraph 37 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

38.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 38 of Plaintiff's Complaint are

denied by operation of law. Defendant further denies any imputation of liability thereunder.

39.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 39 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

40.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 40 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

**THE ADVISER DEFENDANTS' INVOLVEMENT IN THE HORIZON PRIVATE EQUITY PONZI SCHEME**

41.

Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint, and denies any prior knowledge of Woods' alleged Ponzi scheme.

42.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 42 of Plaintiff's Complaint about other Adviser Defendants, and thus they are denied by operation of law. As to Defendant, he admits the allegations as applied to him contained within Paragraph 42 of Plaintiff's Complaint.

43.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 43 of Plaintiff's Complaint about other Adviser Defendants, and thus they are denied by operation of law. As to Defendant, he admits that he sold Horizon Private Equity funds, but denies the remaining allegations.

44.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 44 of Plaintiff's Complaint about other Adviser Defendants, and thus they are denied by operation of law. As to Defendant, he admits the allegations as applied to him contained within Paragraph 44 of Plaintiff's Complaint.

45.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 45 of Plaintiff's Complaint about other Adviser Defendants, and thus they are denied by operation of law. As to Defendant, he denies the allegations as applied to him contained within Paragraph 45 of Plaintiff's Complaint.

## THE ACCOUNTING DEFENDANTS' INVOLVEMENT IN THE HORIZON PRIVATE EQUITY PONZI SCHEME

### 46.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 46 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

### 47.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 47 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

### 48.

Defendant is without knowledge or information sufficient to either admit or denies the allegations contained within Paragraph 48 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

49.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 49 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

50.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 50 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

51.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 51 of Plaintiff's Complaint, and

thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

52.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 52 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

**COUNT I**
**GEORGIA RICO**
**(All Defendants)**

53.

Paragraph 53 of Plaintiff's Complaint incorporates foregoing Paragraphs. To the extent that an additional response is requested, Defendant denies the allegations contained within Paragraph 53 of Plaintiff's Complaint.

54.

The allegations contained within Paragraph 54 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 54 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability

thereunder.

55.

The allegations contained within Paragraph 55 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 55 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

56.

The allegations contained within Paragraph 56 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 56 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

57.

The allegations contained within Paragraph 57 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 57 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability

thereunder.

## The Enterprise

58.

The allegations contained within Paragraph 58 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 58 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

59.

The allegations contained within Paragraph 59 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 59 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

60.

The allegations contained within Paragraph 60 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 60 of Plaintiff's Complaint are

denied by operation of law. Defendant further denies any imputation of liability thereunder.

## 61.

Defendant denies the allegations contained within Paragraph 61 of Plaintiff's Complaint.

## 62.

Defendant denies the allegations contained within Paragraph 62 of Plaintiff's Complaint.

## The Predicate Acts

## 63.

The allegations contained within Paragraph 63 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 63 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

## 64.

The allegations contained within Paragraph 64 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render,

and thus the allegations contained within Paragraph 64 of Plaintiff's Complaint are denied by operation of law. As to Defendant, he denies the allegations as applied to him contained within Paragraph 64 of Plaintiff's Complaint, and further denies any imputation of liability thereunder.

### Conspiracy to Commit the Violations of Woods, Jim Woods, Mooney, Southport Capital, and HPE III

#### 65.

Defendant denies the allegations contained within Paragraph 65 of Plaintiff's Complaint.

#### 66.

Defendant denies the allegations contained within Paragraph 66 of Plaintiff's Complaint.

#### 67.

Defendant denies the allegations contained within Paragraph 67 of Plaintiff's Complaint.

#### 68.

Defendant denies the allegations contained within Paragraph 68 of Plaintiff's Complaint.

69.

The allegations contained within Paragraph 69 of Plaintiff's Complaint necessitate a legal conclusion or opinion which Defendant is not qualified to render, and thus the allegations contained within Paragraph 69 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

**Liability of Oppenheimer for the Violations of Woods,
Jim Woods, Mooney, Southport Capital, and HPE III**

70.

Defendant admits the allegations contained within Paragraph 70 of Plaintiff's Complaint.

71.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 71 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

72.

Defendant admits that Oppenheimer's Branch Manager William Atkins Lobb, II was physically down the hall from Woods. Defendant is without knowledge or information sufficient to either admit or deny the remaining allegations contained within Paragraph 73 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

73.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 73 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

74.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 74 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

## COUNT II
## Breach of Fiduciary Duty
### (Advisor Defendants)

75.

Paragraph 75 of Plaintiff's Complaint incorporates foregoing Paragraphs, and Defendant therefore incorporates his Responses to those foregoing Paragraphs. To the extent that an additional response is requested, Defendant denies the allegations contained within Paragraph 75 of Plaintiff's Complaint.

76.

Defendant admits the allegations contained within Paragraph 76 of Plaintiff's Complaint.

77.

Defendant denies the allegations contained within Paragraph 77 of Plaintiff's Complaint.

78.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 78 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

79.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 79 of Plaintiff's Complaint, and

thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

## COUNT III
## CONSPIRACY AND/OR PROCUREMENT OF BREACH OF FIDUCIARY DUTY
### (Defendant Oppenheimer and the Accounting Defendants)

80.

Paragraph 80 of Plaintiff's Complaint incorporates foregoing Paragraphs, and Defendant therefore incorporates his Responses to those foregoing Paragraphs. To the extent that an additional response is requested, Defendant denies the allegations contained within Paragraph 80 of Plaintiff's Complaint.

81.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 81 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

82.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 82 of Plaintiff's Complaint, and

thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

83.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 83 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

84.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 84 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

85.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 85 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

86.

Defendant is without knowledge or information sufficient to either admit or denies the allegations contained within Paragraph 86 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

## COUNT IV
## Negligent Misrepresentation
## (Oppenheimer)

87.

Paragraph 87 of Plaintiff's Complaint incorporates foregoing Paragraphs, and Defendant therefore incorporates his Responses to those foregoing Paragraphs. To the extent that an additional response is requested, Defendant denies the allegations contained within Paragraph 87 of Plaintiff's Complaint.

88.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 88 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

89.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 89 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

90.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 90 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

91.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 91 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

92.

Defendant is without knowledge or information sufficient to either admit or denies the allegations contained within Paragraph 92 of Plaintiff's Complaint, and

thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

93.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 93 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

94.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 94 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

95.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 95 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

96.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 96 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

97.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 97 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

98.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 98 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

99.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 99 of Plaintiff's Complaint, and

thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

100.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 100 of Plaintiff's Complaint, and thus they are denied by operation of law. Defendant further denies any imputation of liability thereunder.

## COUNT V
## Aiding and Abetting Fraud
## (All Defendants)

101.

Paragraph 101 of Plaintiff's Complaint incorporates foregoing Paragraphs, and Defendant therefore incorporates his Responses to those foregoing Paragraphs. To the extent that an additional response is requested, Defendant denies the allegations contained within Paragraph 101 of Plaintiff's Complaint.

102.

Defendant is without knowledge or information sufficient to either admit or deny what Oppenheimer knew or should have known, and thus the allegations contained within Paragraph 102 of Plaintiff's Complaint are denied by operation of

law. Defendant further denies any imputation of liability thereunder.

103.

Defendant is without knowledge or information sufficient to either admit or deny what Oppenheimer filed or did not file, and thus the allegations contained within Paragraph 103 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

104.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 104 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

105.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 105 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

106.

Defendant is without knowledge or information sufficient to either admit or

deny the allegations contained within Paragraph 106 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

107.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 107 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

108.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 108 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

109.

Defendant is without knowledge or information sufficient to either admit or deny the allegations contained within Paragraph 109 of Plaintiff's Complaint are denied by operation of law. Defendant further denies any imputation of liability thereunder.

**COUNT VI**
**UNJUST ENRICHMENT**
**(The Adviser and Accounting Defendants)**

110.

Paragraph 110 of Plaintiff's Complaint incorporates foregoing Paragraphs, and Defendant therefore incorporates his Responses to those foregoing Paragraphs. To the extent that an additional response is requested, Defendant denies the allegations contained within Paragraph 110 of Plaintiff's Complaint.

111.

Defendant denies the allegations contained within Paragraph 111 of Plaintiff's Complaint.

112.

Defendant but denies the allegations contained within Paragraph 112 of Plaintiff's Complaint.

**COUNT VII**
**PUNITIVE DAMAGES**
**(All Defendants)**

113.

Paragraph 113 of Plaintiff's Complaint incorporates foregoing Paragraphs, and Defendant therefore incorporates his Responses to those foregoing Paragraphs.

To the extent that an additional response is requested, Defendant denies the allegations contained within Paragraph 113 of Plaintiff's Complaint.

114.

Defendant denies the allegations contained within Paragraph 114 of Plaintiff's Complaint. Defendant further denies any imputation of liability thereunder.

115.

Defendant denies the allegations contained within Paragraph 115 of Plaintiff's Complaint. Defendant further denies any imputation of liability thereunder.

116.

Defendant denies the allegations contained within Paragraph 116 of Plaintiff's Complaint. Defendant further denies any imputation of liability thereunder.

**COUNT VIII**
**ATTORNEYS' FEES**
**(All Defendants)**

117.

Paragraph 117 of Plaintiff's Complaint incorporates foregoing Paragraphs, and Defendant therefore incorporates his Responses to those foregoing Paragraphs. To the extent that an additional response is requested, Defendant denies the allegations contained within Paragraph 117 of Plaintiff's Complaint.

118.

Defendant denies the allegations contained within Paragraph 118 of Plaintiff's Complaint.

119.

Defendant denies the allegations contained within Paragraph 119 of Plaintiff's Complaint.

120.

Defendant denies all averments contained in Plaintiff's "Prayer for Relief" Paragraph and any unnumbered Paragraphs, any allegations not specifically denied herein, any *ad damnum* clauses, and any prayers for relief contained therein, and respectfully prays that this Court deny Plaintiff's Complaint and Plaintiff's prayers for relief, recovering nothing, awarding Defendant his costs and expenses in defense of such claims, and whatever other relief this Court deems just and proper.

**WHEREFORE**, Defendant prays for the following relief:

a.      Trial by jury;

b.      Dismissal of Plaintiff's Complaint, and all costs cast against Plaintiff;

c.     In the alternative, Judgment for Defendant on all Counts contained within Plaintiff's Complaint;

d.     An award of Defendant's costs and expenses incurred in connection with defending the above-styled civil action, including Defendant's attorney's fees and expenses associated therewith; and,

e.     Such other and further relief as this Court deems just and proper.

**This** 22nd day of November, 2021.

> **Respectfully submitted,**
>
> **MASON | CARTER LLC**
>
>
> _/s /William Paul Mason_
> William Paul Mason
> Georgia Bar No.:   475710
>
> Attorneys for Defendant
> MICHAEL J. MOONEY

**MASON | CARTER LLC**
45 Technology Parkway South
Suite 240
Peachtree Corners, GA 30092-3455
Tel.:   770-399-6450
Fax:   770-399-6471
wpmason@masonlawfirm.net

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

6694 DAWSON BLVD, LLC,
Individually and on Behalf of a Class
of Similarly Situated Persons,

      Plaintiff,

v.

OPPENHEIMER & CO., INC.,
JAMES WALLACE WOODS,
MICHAEL J. MOONEY,
BRITT WRIGHT, WILLIAM V.
CONN, JR., CONN & CO. TAX
PRACTICE, LLC, CONN &
COMPANY, LLC, and
KATHLEEN LLOYD,

      Defendants.

Civil Action

File No.:    1:21-cv-03625-SDG

## <u>CERTIFICATE OF SERVICE</u>

I certify that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to all counsel of record.

**This** 22nd day of November, 2021.

/s /William Paul Mason
William Paul Mason
Georgia Bar No.:    475710

Attorneys for Defendant
MICHAEL J. MOONEY

**MASON | CARTER LLC**
45 Technology Parkway South
Suite 240
Peachtree Corners, GA 30092-3455
Tel.:   770-399-6450
Fax:   770-399-6471
wpmason@masonlawfirm.net