**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **6694 Dawson Blvd, LLC, Individually,** | ) | |
| **And on Behalf of a Class of Similarly** | ) | |
| **Situated Persons,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **1:21-cv-03625-SDG** |
| **Oppenheimer & Co., Inc, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## DEFENDANTS WILLIAM V. CONN, JR., CONN & CO. TAX PRACTICE, AND CONN & COMPANY CONSULTING LLC MOTION TO DISMISS THE COMPLAINT

COMES NOW, defendant William V. Conn, Jr., defendant Conn & Co. Tax Practice, LLC, and defendant Conn & Company Consulting, LLC (collectively the "Conn Defendants"), and hereby move to dismiss the complaint for failure to state a claim.

## INTRODUCTION

The Complaint alleges that John Woods perpetrated a Ponzi scheme to defraud his clients out of millions of dollars, one of whom is the Plaintiff. Oddly, the Complaint then does not bother to include John Woods as a defendant. Instead, the Complaint apparently sues any other person or entity who ever had any sort of business relationship with John Woods or, in the case of the Conn Defendants, any

other entity that shared a name with any person who had any sort of business relationship with John Woods. Then, as is so often the case, Plaintiff falls victim to the siren song of RICO's treble damages.

The claims in the Complaint fail to state a claim, however, because the Complaint, while long on sweeping conclusory allegations, is fatally short of the specific allegations required by Fed R. Civ. P. 9(b). Moreover, the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") precludes the state law securities claims that underly the entire Complaint. The remaining claims in the Complaint also fail because there are no supporting allegations or the claims themselves are not independent causes of action.

While Odysseus was prudent and resisted the siren song, Plaintiff was not so diligent and the Complaint in this case should be dismissed.

## FACTUAL ALLEGATIONS AGAINST THE CONN DEFENDANTS

The allegations in the complaint against the Conn Defendants are sparse to non-existent.

The Complaint alleges that William Conn is a resident of Fulton County (Doc. 1 at ¶ 6); and that Defendant Conn & Co. Tax Practice, LLC and Defendant Conn & Company Consulting, LLC are each separate and distinct LLCs registered in the

Georgia with their principal places of business in Fulton County ((Doc. 1 at ¶¶ 7 and 8).

The Complaint alleges that in 2014 Defendant William Conn, in his individual capacity, replaced Kathleen Lloyd as the Registered Agent for Horizon Private Equity LLC. Doc. 1 at ¶ 47; *see* Exh 1.[1] The Complaint further alleges that Defendant Conn remained the Registered Agent until 2020. *Id.*

The Complaint also alleges that, for some unspecified period time between 2009 and 2021, Defendant Conn, Defendant Lloyd, and John Woods' attorney Mary Galardi each separately served as the Registered Agent of Horizon Private Equity III LLC at some unspecified point in time. Doc. 1 at ¶ 48.

Curiously, the Complaint confuses and conflates two separate and distinct LLCs (Horizon Private Equity, LLC  and Horizon Private Equity III, LLC) even though a cursory review of the very documents referenced in the Complaint establish that the LLCs are separate and distinct. The Complaint alleges that Horizon Private Equity, LLC filed a SEC Form D in 2008, in which Defendant Conn was listed as President and an Executive Officer. Doc 1 at ¶ 49; *see* Exh 2.[2] The Complaint then

---

[1] Because the filing is specifically referenced in the Complaint it is properly considered on a motion to dismiss. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

[2] Because the filing is specifically referenced in the Complaint it is properly considered on a motion to dismiss. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

summarizes various information contained in the SEC Form D that was filed for Horizon Private Equity, LLC (**not** Horizon Private Equity III, LLC). Doc 1 at ¶ 50; *id*.

However, Horizon Private Equity, LLC is a separate and distinct corporate entity from Horizon Private Equity III, LLC, which is the alleged vehicle through which non-defendant John Woods allegedly perpetrated the Ponzi scheme that forms the basis of all the causes of action in the Complaint. The conflation of Horizon Private Equity, LLC and Horizon Private Equity III, LLC is particularly curious given that in Count I, the Complaint was able to specify that "HPE III" (Horizon Private Equity III, LLC) was the fund through which the Ponzi scheme was allegedly perpetrated. *See, e.g.*, Doc. 1 at ¶¶ 65-69.

Aside from what is discussed above, there are no specific allegations against any of the Conn Defendants, collectively or individually. Instead, the Complaint groups the Conn Defendants and other defendants into a group named the "Accounting Defendants" from here on out.

The Complaint alleges that the "Accounting Defendants" assisted John Woods and employees of Southport Capital "by preparing IRS Form 1099-INTs for Horizon Private Equity investors, monthly principal and interest reconciliations, monthly distribution of interest payments, and federal and state tax returns and K-1s

for the Horizon Private Equity Ponzi scheme entities throughout the time-period." Doc 1 at ¶ 52.

However, there are no allegations as to which of the "Accounting Defendants" committed any specific act, which Horizon entity is referred to (Horizon Private Equity, LLC or the alleged Ponzi-scheme Horizon Private Equity III, LLC), or how standard bookkeeping and accounting functions constituted an act of racketeering act. Further, there are no specific allegations that the required forms prepared by any of the "Accounting Defendants" were false or were knowingly prepared using false information.

Finally, the Complaint makes the conclusory allegations that the "Accounting Defendants" committed mail fraud, wire fraud, securities fraud, and engaged in monetary transactions in violation of 18 U.S.C. § 1957. *See* Doc. 1 at ¶ 64. However, completely missing from these conclusory allegations is any allegation about any specific instance of any of these purported misdeeds. Not only are no specific instances alleged, there absolutely are no specific allegations as to which of the several defendants defined as "Accounting Defendants" that supposedly committed any of the unspecified instances of fraud.

Similarly, there are no allegations that the Plaintiff or its owner Mike Hall ever communicated with, relied on any representations from, or had any other interaction with any of the Conn Defendants.

## **DISCUSSION**

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do." *Id*. In evaluating a complaint, courts should disregard any allegations that are mere legal conclusions. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (discussing *Iqbal* and *Twombly*). Factual allegations must transcend the "speculative," "conceivable," and "possible," and must "state a claim to relief that is plausible on its face." *Id*. at 5557, 566-67, 570.

Because Plaintiff's RICO and other claims sound in fraud, Plaintiff must also satisfy Rule 9(b)'s heightened pleading standard. Under Rule 9(b), a complaint must "state with particularity ... the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff satisfies Rule 9(b) when the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Put more succinctly, this rule requires that a plaintiff plead all the elements of the first paragraph of a newspaper story: "the who, what, when, where, and how." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006); *In re Scientific-Atlanta, Inc. Sec. Litig.*, 239 F. Supp. 2d 1351, 1358 (N.D. Ga. 2002).

"The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quotation omitted). Rule 9(b) "'ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of . . . [and] protects defendants from harm to their goodwill and reputation.'" *Wagner v. First Horizon*

*Pharm. Corp.*, 464 F.3d 1273, 1277 (11ᵗʰ Cir. 2006) (quotation omitted) (alterations in *Wagner*).

## A.   SLUSA Precludes All Claims Against All Defendants.

The Securities Litigation Uniform Standards Act of 1998 ("SLUSA") precludes certain class actions from proceeding under state law claims. SLUSA requires that covered securities-related class actions must be brought under federal securities law in federal court. 15 U.S.C. § 78bb(f)(1); *Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1344 (11th Cir. 2008) ("Congress enacted the Securities Litigation Uniform Standards Act to ensure that securities fraud class actions were brought under federal law and in federal court."). The Complaint in this case asserts the precise types of state law claims that SLUSA precludes.

SLUSA preclusion applies if (1) the case qualifies as a "covered class action"; (2) the complaint asserts state law causes of action; and (3) the state law claims are based on misrepresentations or omissions "in connection with the purchase [or sale]" of (4) a "covered security." *Instituto De Prevision Militar*, 546 F.3d at 1352. Because each element is satisfied here, all claims are precluded and the Complaint must be dismissed.

First, a "covered class action" is a lawsuit seeking damages on behalf of more than 50 people. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71,

83 (2006). This action meets that standard because Plaintiff alleges that "the class consists of at least 400 individuals and/or entities." Doc. 1 at ¶ 14.

Second, on the face of the Complaint, Plaintiff brings only Georgia state law claims, and SLUSA applies to "claims allegedly based on Georgia law." *Kahn v. Morton Indus. Grp., Inc.*, 2006 WL 8433681, at *3 (N.D. Ga. June 23, 2006).

Third, Plaintiff alleges fraud "in connection with [Plaintiff's] purchase or sale" of a security. The Eleventh Circuit addressed the "in connection with" requirement in *Instituto De Prevision Militar*. There, a non-party Pension Fund of America ("PFA") allegedly defrauded investors, including the plaintiff, by stealing their money rather than investing it. 546 F.3d at 1342. The plaintiff brought state law claims alleging that Merrill Lynch allowed PFA to hold itself out as its agent and failed to stop PFA from misappropriating the plaintiff's funds. *Id*. These allegations satisfied SLUSA's "in connection with" requirement because plaintiff "is complaining about fraud that induced it to invest with PFA." *Id*. at 1349. Here Plaintiff's legal theory is that all Defendants conspired to fraudulently induce it to invest in Horizon (Doc. 1 at ¶¶ 66-68), easily falling within the "broad construction" of the "in connection with" requirement. *Dabit*, 547 U.S. at 85-86.

Lastly, a "covered security" under SLUSA includes securities "traded nationally and listed on a regulated national exchange." *Id*. at 83. Importantly, an investment marketed as a covered security is within "the ambit of SLUSA." *In re*

*Herald*, 753 F.3d 110, 113 (2d Cir. 2014); *see also Instituto De Prevision Militar*, 546 F.3d at 1352 ("[W]hat controlled . . . was the product that was marketed to the investor, not what the defendant actually did with the investor's money."). Hybrid investments comprised of both covered securities and uncovered securities qualify as covered securities. *Id*. at 1351.

Here, Plaintiff alleges that "Woods and other advisers ... falsely and fraudulently represented to" investors that "their money would be invested in 'government bonds, stocks, or small real estate projects.'"  Doc. 1 at ¶ 30 (quoting SEC Complaint.)  Government bonds and stocks are generally covered securities, and Plaintiff does not allege that these stocks and government bonds were any exception.[3] Moreover, in a parallel SEC action against Woods, Southport, and Horizon Private Equity III, LLC,[4] the SEC alleges that Woods and other Southport advisers violated federal securities laws by misrepresenting to investors "[t]hat the Horizon investment was an annuity."  *See* SEC Complaint, at ¶ 28(g) (Exhibit 3 to

---

[3] *See Scala v. Citicorp Inc.*, 2011 WL 900297, at *5 (N.D. Cal. Mar. 15, 2011) (SLUSA preclusion applies because defendant "represented to investors that he would trade in 'instruments including ... stocks [and] bonds ... [a]nd there is no serious dispute as to whether stocks and bonds are 'covered securities[.]'"); *Premium Plus Partners, L.P. v. Davis*, 2005 WL 711591, at *19 (N.D. Ill. Mar. 28, 2005) (SLUSA bars state-law claims based on alleged trading in "government securities").

[4] Notably, the SEC case (which the instant Complaint seems to wholesale copy) only proceeds against Horizon Private Equity III, LLC. Horizon Private Equity, LLC is **not** a party to the SEC action.

Oppenheimer's Motion to Dismiss.). Variable annuities are also "covered securities" under SLUSA. *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 110 (2d Cir. 2001).

In short, Plaintiff's claims are "essentially securities claims" precluded by SLUSA. Plaintiff even alleges as much, pleading that Woods' "scheme violated a host of securities laws."  Doc. 1 at p4. Accordingly, the Complaint should be dismissed against all defendants since the claims are precluded by SLUSA.

**B.    Count I (Georgia RICO) Should Be Dismissed For Multiple Fatal Deficiencies.**

Count I asserts a cause of action for violating the Georgia RICO statute against all the defendants, including the Conn Defendants. *See* Doc. 1 at p25. The purported predicate acts of racketeering allegedly committed by the Conn Defendants are mail fraud, wire fraud, securities fraud, and engaging in monetary transactions of $10,000 or more involving proceeds of the aforementioned fraud.

Because the predicate activities purportedly constituting a pattern of racketeering consist of various types of fraud, the substantive RICO allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard, which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *American Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1292 (11th Cir. 2010) (*citing also Ambrosia Coal & Constr.*

*Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir.2007) (holding that civil RICO claims, which are "essentially a certain breed of fraud claims, must be pled with an increased level of specificity" under Rule 9(b)). Accordingly, under Rule 9(b), a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Id.* (*citing Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir.1997) (applying the requirements to a RICO fraud complaint)). Moreover, "[t]he plaintiff must allege facts with respect to each defendant's participation in the fraud." *American Dental Ass'n.* 605 F.3d at 1291.

### 1. There are no specific allegations of predicate acts of racketeering, much less a pattern, committed by any of the Conn Defendants.

Plaintiff purports to allege predicate offenses by the Conn Defendants of mail fraud (18 U.S.C. § 1341); wire fraud (18 U.S.C. § 1343); securities fraud; and transactions in property derived from unlawful activity (18 U.S.C. § 1957).

However, the Complaint contains no specific allegations of any predicate acts of racketeering activity allegedly committed by any of the Conn Defendants. Instead, the Complaint simply makes sweeping and conclusory allegations that the "Accounting Defendants" committed acts of mail fraud, wire fraud, securities fraud, and engaging in monetary transactions of $10,000 or more involving proceeds of

fraud. Yet, no specific instances are alleged by the "Accounting Defendants" generally and certainly none are alleged as to each of the Conn Defendants specifically and individually.

With regard to mail fraud, the Complaint, in conclusory fashion, only states that "the Accounting Defendants committed mail fraud by causing security investment account statements, federal tax filings, and other documents to be sent in the mail …." Doc. 1 at ¶ 64, p 30. Strangely, the Complaint then repeats the exact same conclusory allegation two pages later. Doc. 1 at ¶ 64, p 32.

Similarly, with regard to wire fraud, the Complaint only states that "the Accounting Defendants committed wire fraud by making use of telephone calls and other electronic communications, including email …" Doc. 1 at ¶ 64, p 30. Again, the Complaint simply repeats the same conclusory allegation two pages later. Doc. 1 at ¶ 64, p 30.

With regard to securities fraud, the Complaint again states in conclusory fashion that the "Accounting Defendants committed securities fraud by engaging in an act, practice, or course of business operating as a fraud or deceit upon another person … [and] by using their names to hide the true identity of the promoter of Horizon from the SEC and investors, preparing tax and accounting documents and customers statements …." Doc. 1 at ¶ 64, p 30. The Complaint again repeats the

second part of the preceding conclusion in the very next subparagraph. Doc. 1 at ¶ 64, p 30-31

For the monetary transaction offense, the Complaint states that the "Accounting Defendants engaged in numerous monetary transactions with banks and securities firms using property criminally derived from the Horizon Private Equity investors." Doc. 1 at ¶ 64, p 31. Not a single specific monetary transaction is identified.

This, however, is woefully inadequate of what is required under rule 9(b). Rule 9(b) requires that a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *American Dental Ass'n*. 605 F.3d at 1291 (citations omitted*); Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007) (to satisfy Rule 9(b), the Complaint must allege "the precise statements, documents, or  misrepresentations made[,]" the "time and place of and person responsible for the statement[,]" the "content and manner in which the statements misled the Plaintiffs[,]" and "what the Defendants gained by the alleged fraud."  Moreover, "[t]he plaintiff must allege facts with respect to each defendant's participation in the fraud.").

The Complaint does not identify any specific mailing, wire, email, document, statement, tax filing, etc., identified; no false misrepresentations are identified; there is no identification of the person or entity who was responsible for any of the unspecified mailings, etc.; and there is no allegation of how Plaintiff was misled by any of the mailings or what the defendants gained by the alleged fraud. The complete absence of the required allegations under Rule 9(b) are even more glaring when you examine the allegations in the Complaint as against each of the Conn Defendants individually. The Complaint does not attribute any specific act or mailing, etc., to any specific "Accounting Defendant," much less attributing one or more acts to each of the individual Conn Defendants.

A plaintiff must allege that some kind of deceptive conduct occurred in order to plead a RICO violation predicated on mail fraud or any other type of fraud. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1065 (11th Cir.2007) (affirming dismissal of plaintiff's substantive RICO claims where complaint did not allege that defendants made any affirmative misrepresentations in the mailings). The Complaint utterly fails to do this. Instead, the Complaint just makes a sweeping conclusion that fraud occurred without bothering to allege the details or specific instances of the purported fraud.

The Complaint only identifies various fraud statutes and paraphrases the elements of the statutes. No specific representations or factual allegations are made,

and none are made against each of the Conn Defendants individually. If the specific misrepresentations do not exist, it follows that the complaint has not alleged a right to relief that is "plausible on its face." *See Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974; *American Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1292 (11th Cir. 2010).

Thus, the Complaint has failed to allege a single act of racketeering activity, and has certainly even failed to attempt to allege "the who, what, when, where, and how" of the unspecific acts of racketeering activity. *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006); *In re Scientific-Atlanta, Inc. Sec. Litig.*, 239 F. Supp. 2d 1351, 1358 (N.D. Ga. 2002).

### 2. There are no allegations establishing that any of the Conn Defendants entered into a conspiracy to commit racketeering activity.

O.C.G.A § 16-14-4(c) of the Georgia RICO statute makes it illegal for anyone to conspire to violate one of the substantive provisions of RICO, including § 16-14-4 (a) and/or (b). "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir.1997) (federal RICO) (*quoting United States v. Church*, 955 F.2d 688, 694 (11th Cir.1992)). A plaintiff need not offer direct evidence of a RICO agreement; the existence of conspiracy "may be inferred from the conduct of the participants." *Id*. at 950 (*quoting Church*, 955 F.2d at 695).

Nonetheless, simply calling it a conspiracy does not lessen the heightened pleading burden as a "defendant may be found liable for violating § 16-14-4(c) if he knowingly and willfully joins a conspiracy which itself contains a common plan or purpose to commit two or more predicate acts." *Rosen v. Protective Life Ins. Co*., 2010 WL 2014657, at *8 (N.D. Ga. May 20, 2010); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010) (*quoting Rosen*).

As an initial matter, as described in the preceding section, the Complaint fails to adequately plead any acts of racketeering by any of the Conn Defendants. *A priori*, without allegations of even a single specific act of racketeering, the Complaint also fails to establish a conspiracy to commit a pattern of racketeering activity. The Complaint does not contain any allegations showing that any of the Conn Defendants agreed with Woods or any other defendant to commit fraud. There are no allegations that any of the Conn Defendants conspired or acted in concert sufficiently to form a tacit agreement with the alleged perpetrator of the Ponzi scheme, John Woods. Aside from serving as the Registered Agent, there are no specific allegations concerning defendant William Conn. With regard to defendants Conn & Co. Tax Practice LLC and Conn & Company Consulting LLC, there are even less allegations – once the Complaint gets past the principal place of business for each entity, both entities simply disappear from the Complaint.

This disturbing lack of specific allegations directed towards the Conn Defendants does not come close to establishing a meeting of the minds between Woods and any of the Conn Defendants to jointly engage in criminal activity. The Eleventh Circuit and judges in the Northern District have repeatedly upheld dismissal of such "wholly conclusory allegations of conspiracy" under RICO. *See, e.g., Hosch v. Wachovia Bank, N.A.*, 2011 WL 13355877, at *13 ("conclusory allegations or legal conclusions with respect to the existence of a conspiracy or agreement" are insufficient "to allege a viable conspiracy claim under . . . Georgia RICO").

### 3. The Complaint does not allege any damages caused by any racketeering activity of the Conn Defendants.

The Supreme Court has established "stringent" causation requirements for civil liability under RICO. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 458 (2006); *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 265-271 (1992).   RICO causation must be scrutinized at the motion to dismiss stage. *See, e.g., Holmes*, 503 U.S. at 269; *Pierson*, 2010 WL 11496944, at *12.

To satisfy RICO causation, a plaintiff must suffer injury "directly caused by the [defendant's] RICO violation." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1307-08 (11th Cir. 2003). Although reliance is not an express statutory requirement of a RICO mail or wire fraud claim, "[i]n most cases, the plaintiff will not be able to establish even but-for causation if no one relied on the

misrepresentation." *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 658-59 (2008). The Eleventh Circuit has made clear that RICO civil claims require actual reliance on the alleged misstatement or omission by someone connected to plaintiff's transaction. *See Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1351 (11th Cir. 2016).

In the present case, Plaintiff alleges that it relied on and was misled by statements made by Woods in deciding to invest in Horizon. Doc 1 at ¶ 33. There are no allegations that Plaintiff heard of, much less relied on any statement or representations by any of the Conn Defendants. Plaintiff does not allege that it obtained, reviewed, or relied upon any statements by any of the Conn Defendants. Indeed, Plaintiff does not allege that it had any communication, interaction, or involvement with any of the Conn Defendants relating to its transaction. Thus, there is no causation. *See Ray*, 836 F.3d at 1351 (dismissing RICO claim because "plaintiffs have not pled that they or anyone else relied on [defendant]'s alleged misrepresentations in purchasing their tickets—and, thus, have not shown that they were injured 'by reason of' a RICO violation"); *Vernon v. Assurance Forensic Acct., LLC*, 774 S.E.2d 197, 211 (Ga. App. 2015) (rejecting RICO claim because no reliance).

Accordingly, the RICO count (Count I) should be dismissed.

**C.    Count III (Procurement) Should Be Dismissed Because There Are No Allegations Supporting The Elements.**

Count III asserts a cause of action for "Conspiracy and/or Procurement of Breach of Fiduciary Duty." (Compl. ¶¶ 80-86.)  A claim for procurement of a breach of fiduciary duty must allege facts that showing:

> through improper action or wrongful conduct and without privilege, the defendant acted to procure a breach of the primary wrongdoer's fiduciary duty to the plaintiff; (2) with knowledge that the primary wrongdoer owed the plaintiff a fiduciary duty, the defendant acted purposely and with malice and the intent to injure; (3) the defendant's wrongful conduct procured a breach of the primary wrongdoer's fiduciary duty; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

*Insight Tech., Inc. v. FreightCheck, LLC*, 633 S.E.2d 373, 379 (Ga. App. 2006).

As with each cause of action in this Complaint, there are no allegations that support this claim against the Conn Defendants.

The element of procurement requires "giving advice, counsel, persuasion, or command" to solicit someone to commit a breach. *Curry v. TD Ameritrade, Inc.*, 2015 WL 11251449, at *15 (N.D. Ga. June 30, 2015) (internal quotation omitted). There are no allegations that any of the Conn Defendants acted to "procure" a breach of any fiduciary duty. There are no allegations that any of the Conn Defendants advised, counseled, persuaded or commanded anyone to do anything, much less did so to procure a breach of any fiduciary duty.

Although the Complaint alleges that the Accounting Defendants, which includes the Conn Defendants, "were aware that Woods and other investment advisers were marketing and selling HPE III to investors in violation of their fiduciary duties to their customers" (Doc. 1 at ¶ 82), there are no actual allegations regarding such knowledge. There simply is not a single factual allegation supporting the broad conclusory allegation that is directed to William Conn or to Conn & Company Tax Practice LLC or to Conn & Company Consulting LLC.

Similarly, there are no allegations that any of the Conn Defendants' unspecified conduct in fact actually procured the breach of the fiduciary duties to the investors. Nor are there any allegations that plead that any of the Conn Defendants' unspecified conduct proximately caused damage to the Plaintiff.

Accordingly, Count III should be dismissed as to the Conn Defendants.

**D.    Count V (Aiding and Abetting Fraud) Should Be Dismissed Because There Is No Independent Cause Of Action And Does Not Satisfy Pleading Requirements For Fraud.**

Count V asserts a cause of action for "Aiding and Abetting Fraud" against all defendants, including the Conn Defendants.

However, under Georgia law, there is not an independent cause of action for "aiding and abetting fraud." *Siavage v. Gandy*, 829 S.E.2d 787, 790 (Ga. App. 2019). To the extent that Count V is construed by the Court as a count for fraud, "fraud has five elements: a false representation by a defendant, scienter, intention to

induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Insight Technology v. FreightCheck*, 280 Ga. App. 19, 28 (5), 633 S.E.2d 373 (2006) (citation and punctuation omitted). "To state a cause of action for fraud, the plaintiffs were required to allege facts showing that the defendants knowingly made false statements; that they intended for the plaintiffs to act or refrain from acting in reliance on those statements; that the plaintiffs justifiably relied on the false statements; and as a result of their reliance, the plaintiffs suffered damage." *Wylie v. Denton*, 726 S.E.2d 689, 697 (Ga. App. 2013) (*citing Maddox v. Southern Engineering Co.*, 216 Ga.App. 6, 7, 453 S.E.2d 70 (1994)).

Especially under the heightened pleadings standards of Rule 9(b), but truly under any pleading standards, there simply are no allegations that any of the Conn Defendants knowingly made any false statements or did so with the intention for the Plaintiff to act or refrain in reliance upon the statements. Likewise, there are no allegations that Plaintiff relied on any statements of any of the Conn Defendants or was damaged as a result of any such reliance. *See Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1381 (N.D. Ga. 2012) (dismissing fraud claim because no "specific reference to any affirmative misrepresentations" and no non-conclusory allegations or reliance). Nor do Plaintiffs allege with particularity how the Conn Defendants benefited from the alleged fraud. *See, e.g., Am. Dental Ass'n v. Cigna*

*Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) ("[P]ursuant to Rule 9(b), a plaintiff must allege … what the defendants gained by the alleged fraud.").

There are no specific allegations, much less any allegations that satisfy the heightened pleading standards of Rule 9(b), that support this cause of action. Accordingly, Count V should be dismissed.

## E.   Count VI (Unjust Enrichment) Should Be Dismissed There Are No Allegations That Any Benefit Was Unjustly Conferred On The Conn Defendants.

Count VI asserts a cause of action for Unjust Enrichment against the Adviser Defendants and the Accounting Defendants, including the Conn Defendants. Under Georgia law, "[t]he theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." *Smith Serv. Oil Co. v. Parker*, 549 S.E.2d 485, 487 (Ga.Ct.App. 2001). Thus, the essential elements of the claim are that (1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust.

The Complaint speciously alleges in this Count that "Plaintiff and the class suffered damages" and that the Accounting Defendants "were unjustly enriched by the receipt of ongoing fees from Horizon investor money …." Doc. 1 at ¶ 111. This is the sum total of specific allegations purportedly establishing this cause of action. This is inadequate.

There are no specific allegations that any fees were by paid by Plaintiff to any of the Conn Defendants. The only remotely pertinent allegations concern the preparation of 1099s and other accounting documents. However, there are no specific allegations that any of the Conn Defendants prepared any accounting documents that were false or knowingly prepared any such documents based on information that was known to be false. Nor are there any specific allegations that any of the Conn Defendants or which of the Conn Defendants prepared those. More importantly, simply preparing accurate documents required by federal law would be insufficient to for the basis for this cause of action.

Based on Plaintiff's theory, Plaintiff would have a cause of action for unjust enrichment against the power company for providing electricity to John Woods and/or Southport or against the cleaning service that cleaned their offices every night because the power bill or cleaning bill allegedly was paid from the "Horizon investor money." Such a theory does not constitute a claim for unjust enrichment.

This is simply inadequate to support a cause of action under any pleading standard and Count VI should be dismissed.

## F.   Counts VII (Punitive Damages) And VIII (Attorneys' Fees) Should Be Dismissed Because There Is No Independent Cause Of Action For Either.

Plaintiffs' claim for punitive damages in Count VII and attorneys' fees in Count VIII fail as a matter of law. Under Georgia law, a request for punitive damages and/or a request for attorneys' fees does not constitute separate and independent

causes of action, but instead are derivative of substantive claims. *See Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 242 (2005) (stating that a claim for punitive damages is not an independent cause of action); *East v. Ryland Mortgage Co.*, 2008 WL 11466082, *6 . Because none of the underlying claims has any merit, Plaintiffs' claim for punitive damages also fails as a matter of law.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Complaint should be dismissed in its entirety as to defendant William V. Conn, Jr., defendant Conn & Co. Tax Practice, and defendant Conn & Company Consulting, LLC. The claims are precluded by SLUSA and, even if not, the allegations in the Complaint do not plead sufficient allegations to state a claim and do not satisfy the heightened pleading requirements of Rule 9(b).

Respectfully submitted on this the 1st day of December, 2021.

THE RICE LAW FIRM, LLC

/s/ *Richard A. Rice, Jr.*

RICHARD A. RICE, JR.
Ga. Bar No. 603203

3151 Maple Drive NE
Atlanta, GA 30305
404.835.0783
404.481.3057 (fax)
richard.rice@trlfirm.com

Counsel for Defendants
William V. Conn, Jr.,
Conn & Co. Tax Practice, and
Conn & Company Consulting, LLC

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing was electronically filed using the CM/ECF system, which will automatically send email notification of such filing to all counsel of the following attorneys of record.

This 1st day of December, 2021.

/s/ *Richard A. Rice, Jr.*
RICHARD A. RICE, JR.
Ga. Bar No. 603203