## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **6694 Dawson Blvd, LLC, Individually,** | ) | |
| **And on Behalf of a Class of Similarly** | ) | |
| **Situated Persons,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **1:21-cv-03625-SDG** |
| **Oppenheimer & Co., Inc, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ _ | ) | |

## DEFENDANT BRITT WRIGHT'S
## MOTION TO DISMISS THE COMPLAINT

Defendant Britt Wright, through undersigned counsel, hereby moves to dismiss the complaint for failure to state a claim.

## INTRODUCTION

The Complaint alleges that John Woods perpetrated a Ponzi scheme to defraud his clients out of millions of dollars. The Complaint fails to state a claim against defendant Britt Wright because the Complaint fails to allege the specific allegations required by Fed R. Civ. P. 9(b). Further, the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") precludes class action predicated on state law securities claims. Those are the claims that underly the entire Complaint.

The remaining claims in the Complaint also fail because there are no supporting allegations or the claims themselves are not independent claims for relief.

## **FACTUAL ALLEGATIONS AGAINST DEFENDANT WRIGHT**

The allegations in the Complaint against the Defendant Wright are sparse to non-existent. The Complaint alleges that defendant Britt Wright was an investment adviser to Horizon Private Equity fund and that he made huge commissions in return for placing his customers in an unapproved, unregistered scheme. Doc. 1 at 4. Paragraphs 41 – 45 of the Complaint allege the thrust of the allegations against defendant Wright. These allegations state that "the Adviser" defendants marketed and sold the Horizon Private Equity Ponzi scheme to their customers, Doc. 1 at ¶ 43, and took active steps to conceal the scheme. *Id.* at 45. In a conclusory fashion, the Complaint then alleges that the Adviser Defendants breached their fiduciary duties by engaging in a course of business which operated as a fraud or deceit on another person in violation of Georgia law. *Id.* at ¶77.

Aside from what is discussed above, there are no specific allegations against Defendant Wright. Instead, the Complaint groups defendant Wright and other defendants into a group named the "Adviser Defendants." Doc. 1 at 4. However, there are no allegations as to which of the "Adviser Defendants" committed any specific act or acts. Further, there are no specific allegations that any given statement or representation, in either oral or written form, were false or were knowingly

prepared using false information. Finally, the Complaint makes the conclusory allegations that Wright along with the specifically named other "Adviser Defendants" committed mail fraud, wire fraud, securities fraud, and engaged in monetary transactions in violation of 18 U.S.C. § 1957. *See* Doc. 1 at ¶ 64. However, missing from these conclusory allegations is any allegation about any specific instance of any of these purported misdeeds. Not only are no specific instances alleged, but there are also no specific allegations as to which of the several defendants defined as "Adviser Defendants" that supposedly committed any of the unspecified instances of fraud. Similarly, there are no allegations that the Plaintiff ever communicated with, relied on any representations from, or had any other interaction with defendant Britt Wright. *See* Doc. 1 at ¶¶ 32-33.

## DISCUSSION

Under Rule 12(b)(6) a plaintiff must allege "more than just labels and conclusions." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). All factual allegations must go beyond the "speculative," "conceivable," and "possible," and must "state a claim to relief that is plausible on its face." *Id*. at 555-57, 566-67, 570. Because all of Plaintiff's claims allege fraud, Plaintiff must also satisfy Rule 9(b)'s well-known heightened pleading standard. Indeed, Plaintiff bears the burden of pleading "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they

occurred, and who engaged in them." *Hopper v. Solvay Pharms., Inc*., 588 F.3d 1318, 1324 (11th Cir. 2009) (internal quotation marks omitted).

Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In evaluating a complaint, courts should disregard any allegations that are mere legal conclusions. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (discussing *Iqbal* and *Twombly*). Under Rule 9(b), a complaint must "state with particularity ... the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff satisfies Rule 9(b) when the complaint sets forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quotation omitted). Rule 9(b) "'ensures that the defendant has sufficient information to formulate a defense by

putting it on notice of the conduct complained of . . . [and] protects defendants from harm to their goodwill and reputation.'" *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1277 (11th Cir. 2006) (quotation omitted) (alterations in *Wagner*).

### A. *SLUSA Precludes All Claims Against All Defendants*.

The Securities Litigation Uniform Standards Act of 1998 ("SLUSA") precludes certain class actions from proceeding under state law claims. SLUSA requires that covered securities-related class actions must be brought under federal securities law in federal court. 15 U.S.C. § 78bb(f)(1); *Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1344 (11th Cir. 2008) ("Congress enacted the Securities Litigation Uniform Standards Act to ensure that securities fraud class actions were brought under federal law and in federal court."). The Complaint in this case asserts the precise types of state law claims that SLUSA precludes.

SLUSA preclusion applies if (1) the case qualifies as a "covered class action"; (2) the complaint asserts state law causes of action; and (3) the state law claims are based on misrepresentations or omissions "in connection with the purchase [or sale]" of (4) a "covered security." *Instituto De Prevision Militar*, 546 F.3d at 1352. Because each element is satisfied here, all claims are precluded, and the Complaint must be dismissed.

First, a "covered class action" is a lawsuit seeking damages on behalf of more than 50 people. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 83 (2006). This action meets that standard because Plaintiff alleges that "the class

consists of at least 400 individuals and/or entities." Doc. 1 at ¶ 14. Second, the Complaint alleges only Georgia state law claims, and SLUSA applies to "claims allegedly based on Georgia law." *Kahn v. Morton Indus. Grp., Inc.*, 2006 WL 8433681, at *3 (N.D. Ga. June 23, 2006). Third, Plaintiff alleges fraud "in connection with [Plaintiff's] purchase or sale" of a security. In *Instituto De Prevision Militar,* the Eleventh Circuit addressed the "in connection with" requirement. There, a non-party Pension Fund of America ("PFA") allegedly defrauded investors, including the plaintiff, by stealing their money rather than investing it. 546 F.3d at 1342. The plaintiff brought state law claims alleging that Merrill Lynch allowed PFA to hold itself out as its agent and failed to stop PFA from misappropriating the plaintiff's funds. *Id.* These allegations satisfied SLUSA's "in connection with" requirement because plaintiff "is complaining about fraud that induced it to invest with PFA." *Id*. at 1349. Here, Plaintiff's legal theory is that all Defendants conspired to fraudulently induce it to invest in Horizon Private Equity fund (Doc. 1 at ¶¶ 66-68), falling within the "broad construction" of the "in connection with" requirement. *Dabit*, 547 U.S. at 85-86.

Lastly, a "covered security" under SLUSA includes securities "traded nationally and listed on a regulated national exchange." *Id*. at 83. Notably, an investment marketed as a covered security is within "the ambit of SLUSA*." In re Herald*, 753 F.3d 110, 113 (2d Cir. 2014); *see also Instituto De Prevision Militar,*

546 F.3d at 1352 ("[W]hat controlled . . . was the product that was marketed to the investor, not what the defendant actually did with the investor's money."). Investments that comprised both covered securities and uncovered securities qualify as covered securities. *Id*. at 1351. Here, Plaintiff alleges that "Woods and other advisers [such as defendant Britt Wright] ... falsely and fraudulently represented to" investors that "their money would be invested in 'government bonds, stocks, or small real estate projects.'" Doc. 1 at ¶ 30 (quoting SEC Complaint).) Government bonds and stocks are covered securities, and Plaintiff does not allege that these stocks and government bonds fall into any SLUSA exception. *See Scala v. Citicorp Inc.*, 2011 WL 900297, at *5 (N.D. Cal. Mar. 15, 2011) (SLUSA preclusion applies because defendant "represented to investors that he would trade in 'instruments including ... stocks [and] bonds ... [a]nd there is no serious dispute as to whether stocks and bonds are 'covered securities[.]'"); *Premium Plus Partners, L.P. v. Davis*, 2005 WL 711591, at *19 (N.D. Ill. Mar. 28, 2005) (SLUSA bars state-law claims based on alleged trading in "government securities").

In a parallel Securities and Exchange Commission action against John Woods, Southport, and Horizon Private Equity III, LLC, the SEC alleges that Woods violated federal securities laws by misrepresenting to investors "[t]hat the Horizon investment was an annuity." *See* SEC Complaint, at ¶ 28(g). Variable annuities are

also "covered securities" under SLUSA. *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 110 (2d Cir. 2001).

Plaintiff's claims are "essentially securities claims" precluded by SLUSA. Plaintiff even alleges as much, pleading that Woods' "scheme violated a host of securities laws." Doc. 1 at p 4. Accordingly, the Complaint should be dismissed against defendant Britt Wright since the claims are precluded by SLUSA.

### B. Count I (Georgia RICO) Should Be Dismissed For Multiple Fatal Deficiencies.

Count I asserts a claim for relief for violating the Georgia RICO statute against all the defendants, including defendant Britt Wright. *See* Doc. 1 at p. 25. The purported predicate acts of racketeering allegedly committed by defendant Britt Wright are mail fraud, wire fraud, securities fraud, and engaging in monetary transactions of $10,000 or more involving proceeds of the fraud. Because the predicate activities purportedly constituting a pattern of racketeering consist of various types of fraud, the substantive RICO allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires that

> [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

*American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1292 (11th Cir. 2010) (citing also *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir.2007) (holding that civil RICO claims, which are "essentially

a certain breed of fraud claims, must be pled with an increased level of specificity" under Rule 9(b)). Accordingly, under Rule 9(b), a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Id*. (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir.1997) (applying the requirements to a RICO fraud complaint)). More importantly, "[t]he plaintiff must allege facts with respect to each defendant's participation in the fraud." *American Dental Ass'n.,* 605 F.3d at 1291.

### 1. There are no specific allegations of predicate acts of racketeering, much less a pattern, committed by defendant Britt Wright.

Plaintiff purports to allege predicate offenses by Defendant Wright of mail fraud (18 U.S.C. § 1341); wire fraud (18 U.S.C. § 1343); securities fraud; and transactions in property derived from unlawful activity (18 U.S.C. § 1957). However, the Complaint contains no specific allegations of any predicate acts of racketeering activity allegedly committed by defendant Wright. Instead, the Complaint simply makes sweeping and conclusory allegations that the defendant Wright committed acts of mail fraud, wire fraud, securities fraud, and engaging in monetary transactions of $10,000 or more involving proceeds of fraud. Yet, no

specific instances are alleged by the "Adviser Defendants" generally or defendant Wright specifically. Regarding mail fraud, the Complaint, in conclusory fashion, only states that "Wright . . . committed mail fraud by causing security investment account statements, federal tax filings, and other documents to be sent in the mail …." Doc. 1 at ¶ 64, p 30. Similarly, regarding wire fraud, the Complaint only states that "Wright . . . committed wire fraud by making use of telephone calls and other electronic communications, including email …" Doc. 1 at ¶ 64, p 30.

With regard to securities fraud, the Complaint alleges a series of violations, again all in conclusory fashion, for example, that the "Wright  . . . committed securities fraud by engaging in an act, practice, or course of business operating as a fraud or deceit upon another person … [and] by causing the sale of securities to investors based on material falsehoods and omissions regarding the nature of the investment, use of proceeds and investment returns." Doc. 1 at ¶ 64, p 30-31.

For the monetary transaction offense, the Complaint alleges that "Wright . . . engaged in numerous monetary transactions with banks and securities firms using property criminally derived from the Horizon Private Equity investors." Doc. 1 at ¶ 64, p 30-31. No specific monetary transaction is identified. Nor is there any allegation that defendant Wright knew that the monies were criminally derived proceeds. This is inadequate when measured against the rigorous requirements of Rule 9(b).

Rule 9(b) requires that a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *American Dental Ass'n.,* 605 F.3d at 1291 (citations omitted); *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007) (to satisfy Rule 9(b), the Complaint must allege "the precise statements, documents, or misrepresentations made[,]" the "time and place of and person responsible for the statement[,]" the "content and manner in which the statements misled the Plaintiffs[,]" and "what the Defendants gained by the alleged fraud." Moreover, "[t]he plaintiff must allege facts with respect to each defendant's participation in the fraud.").

The Complaint does not identify any specific mailing, wire, email, document, statement, tax filing, etc.; no false statement, promise, omission, or misrepresentations is identified; there is no identification of the person or entity who was responsible for any of the unspecified mailings, etc.; and there is no allegation of how Plaintiff was misled by any of the mailings or what the defendants gained by the alleged fraud. The Complaint does not attribute any specific act or mailing, etc., to defendant Wright. A plaintiff must allege that some kind of deceptive conduct occurred to plead a RICO violation predicated on any kind of fraud. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1065 (11th Cir.2007) (affirming dismissal

of plaintiff's substantive RICO claims where complaint did not allege that defendants made any affirmative misrepresentations in the mailings). The Complaint fails to meet this requirement. Instead, the Complaint makes sweeping conclusions that a fraud occurred without alleging the necessary details or specific instances of the purported fraud.

The Complaint only identifies various fraud statutes and paraphrases the elements of the statutes. No specific representations or factual allegations are made, and none are made against Defendant Wright individually. If the specific misrepresentations do not exist, it follows that the complaint has not alleged a right to relief that is "plausible on its face." *See Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974; *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1292 (11th Cir. 2010). Thus, the Complaint has failed to allege a single act of racketeering activity and has failed to attempt to allege "the who, what, when, where, and how" of the unspecific acts of racketeering activity. *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006); *In re Scientific-Atlanta, Inc. Sec. Litig.*, 239 F. Supp. 2d 1351, 1358 (N.D. Ga. 2002).

### 2. There are no allegations establishing that Defendant Wright entered into a conspiracy to commit racketeering activity.

The Georgia RICO statute, O.C.G.A § 16-14-4(c), makes it illegal for anyone to conspire to violate one of the substantive provisions of RICO, including § 16-14-4 (a) and/or (b).

A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts.

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir.1997) (federal RICO) (quoting *United States v. Church*, 955 F.2d 688, 694 (11th Cir.1992)). Although a plaintiff need not offer direct evidence of a RICO agreement and the existence of conspiracy may be inferred from the conduct of the participants," *Id*. at 950 (*quoting Church*, 955 F.2d at 695), calling it a conspiracy does not lessen the heightened pleading burden as a "defendant may be found liable for violating § 16-14-4(c) if he knowingly and willfully joins a conspiracy which itself contains a common plan or purpose to commit two or more predicate acts." *Rosen v. Protective Life Ins. Co.*, 2010 WL 2014657, at *8 (N.D. Ga. May 20, 2010); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010) (quoting *Rosen*). The Complaint fails to adequately plead any acts of racketeering by defendant Wright. Without an allegation of a specific act of racketeering, the Complaint fails to establish a conspiracy to commit a pattern of racketeering activity. The Complaint does not contain any allegations that defendant Wright agreed with John Woods or any other defendant to commit fraud. There are no allegations that defendant Wright conspired or acted in concert sufficiently to form a tacit agreement with the supposed perpetrator of the Ponzi scheme, John Woods.

The law in the Eleventh Circuit requires dismissal of such "wholly conclusory allegations of conspiracy" under RICO. *See, e.g., Hosch v. Wachovia Bank, N.A.*, 2011 WL 13355877, at \*13 ("conclusory allegations or legal conclusions with respect to the existence of a conspiracy or agreement" are insufficient "to allege a viable conspiracy claim under . . . Georgia RICO").

### 3. The Complaint does not allege any damages caused by any racketeering activity of Defendant Wright.

The Supreme Court has established "stringent" causation requirements for civil liability under RICO. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 458 (2006); *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 265-271 (1992). RICO causation must be scrutinized at the motion to dismiss stage. *See, e.g., Holmes*, 503 U.S. at 269; *Pierson*, 2010 WL 11496944, at \*12. To satisfy RICO causation, a plaintiff must suffer injury "directly caused by the [defendant's] RICO violation." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1307-08 (11th Cir. 2003). Although reliance is not an express statutory requirement of a RICO mail or wire fraud claim, "[i]n most cases, the plaintiff will not be able to establish even but-for causation if no one relied on the misrepresentation." *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 658-59 (2008). The Eleventh Circuit has made clear that RICO civil claims require actual reliance on the alleged misstatement or omission by someone connected to plaintiff's transaction. *See Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1351 (11th Cir. 2016).  Here, in paragraph 33 of the

Complaint, Plaintiff alleges that it relied on and was misled by statements made by Woods in deciding to invest in Horizon. Doc 1 at ¶ 33. There are no allegations that Plaintiff heard of, much less relied on any statement or representations by defendant Wright.

Indeed, Plaintiff does not allege that it had any communication, interaction, or involvement with defendant Wright relating to its transaction. Thus, there is no causation. *See Ray*, 836 F.3d at 1351 (dismissing RICO claim because "plaintiffs have not pled that they or anyone else relied on [defendant]'s alleged misrepresentations in purchasing their tickets—and, thus, have not shown that they were injured 'by reason of' a RICO violation"); *Vernon v. Assurance Forensic Acct.*, LLC, 774 S.E.2d 197, 211 (Ga. App. 2015) (rejecting RICO claim because no reliance). Accordingly, the RICO count (Count I) should be dismissed.

### C. <u>Count II Breach of Fiduciary Duty Should Be Dismissed Because There Are No Specific Allegations Supporting The Elements</u>.

Count II asserts a claim for relief for "Breach of Fiduciary Duty." Doc. 1 at ¶¶ 75-79. "[A] claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." *Sewell v. Cancel*, 331 Ga. App. 687, 689, 771 S.E.2d 388, 391 (2015). As with each of the other claims for relief in this Complaint, there are no specific allegations that support this claim against defendant Wright. The element of breach of a fiduciary duty requires some specific identified action,

misrepresentation, promise or omission to be at the bottom of such a breach. There are no allegations that defendant Wright committed any such action. There are no allegations that defendant Wright's conduct, in fact, actually breached his fiduciary duties to the investors. Nor are there any allegations that defendant Wright's unalleged and unspecified conduct proximately caused damage to the Plaintiff. Accordingly, Count III should be dismissed as Defendant Wright.

### D. Count V (Aiding and Abetting Fraud) Should Be Dismissed Because There Is No Independent Cause Of Action And Does Not Satisfy Pleading Requirements For Fraud.

Count V asserts a claim for relief for "Aiding and Abetting Fraud" against all defendants, including Defendant Wright. However, under Georgia law, there is not an independent claim for relief for "aiding and abetting fraud." *Siavage v. Gandy*, 829 S.E.2d 787, 790 (Ga. App. 2019). To the extent that Count V is construed by the Court as a count for fraud, "fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Insight Technology v. FreightCheck*, 280 Ga. App. 19, 28 (5), 633 S.E.2d 373 (2006) (citation and punctuation omitted). "To state a cause of action for fraud, the plaintiffs were required to allege facts showing that the defendants knowingly made false statements; that they intended for the plaintiffs to act or refrain from acting in reliance on those statements; that the plaintiffs justifiably relied on the false

statements; and as a result of their reliance, the plaintiffs suffered damage." *Wylie v. Denton*, 726 S.E.2d 689, 697 (Ga. App. 2013) (citing *Maddox v. Southern Engineering Co.*, 216 Ga.App. 6, 7, 453 S.E.2d 70 (1994)).

Under any standard of pleading, as to defendant Wright, Count V of the Complaint is insufficient. It is especially so under the heightened pleadings standards of Rule 9(b). There are no allegation related to defendant Wright or the Adviser defendants in Count V.  Accordingly, Count V should be dismissed.

### E. Count VI (Unjust Enrichment) Should Be Dismissed There Are No Allegations That Any Benefit Was Unjustly Conferred On Defendant Wright.

Count VI asserts a claim for relief for Unjust Enrichment against the Adviser Defendants and the Accounting Defendants, including the defendant Wright. Under Georgia law, "[t]he theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." *Smith Serv. Oil Co. v. Parker*, 549 S.E.2d 485, 487 (Ga.Ct.App. 2001). Thus, the essential elements of the claim are that (1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust. The Complaint speciously alleges in this Count that "Plaintiff and the class suffered damages" and that the Adviser Defendants "were unjustly enriched by the receipt of ongoing fees

from Horizon investor money ….” Doc. 1 at ¶ 111. This is the total of specific allegations purportedly establishing this claim. This is inadequate.

There are no specific allegations that any fees were by paid by Plaintiff to any of the Adviser Defendants, including defendant Wright. This is simply inadequate to support a claim any pleading standard and Count VI should be dismissed as to defendant Wright.

### F. Counts VII (Punitive Damages) And VIII (Attorneys' Fees) Should Be Dismissed Because There Is No Independent Cause Of Action For Either.

Plaintiffs' claim for punitive damages in Count VII and attorneys' fees in Count VIII fail as a matter of law. Under Georgia law, a request for punitive damages and/or a request for attorneys' fees does not constitute separate and independent claims for relief, but instead are derivative of substantive claims. *See Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 242 (2005) (stating that a claim for punitive damages is not an independent cause of action); *East v. Ryland Mortgage Co.*, 2008 WL 11466082, *6. Because none of the underlying claims has any merit, Plaintiffs' claim for punitive damages also fails as a matter of law.

### CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety as to defendant Britt Wright. The claims are precluded by SLUSA and, even if not, the allegations in the Complaint do not plead sufficient particularity to state a claim

and do not satisfy the heightened pleading requirements of Rule 9(b), Fed. R. Civ.

P.

Respectfully submitted this 24th day of May, 2022.

/s/ Randy S. Chartash

Randy S. Chartash
Attorney for Defendant
GA Bar 121760

Chartash Law, LLC
3151 Maple Dr., NE
Atlanta, GA 30305
(404) 333-2423 (ofc)
(404) 365-3885 (fax)
randy@chartashlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| 6694 Dawson Blvd, LLC, Individually | : | |
| And on Behalf of a Class of Similarly | : | |
| Situated Persons | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:21-cv-03625-SDG |
| v. | : | |
| | : | |
| Oppenheimer & Co., Inc., James Wallace | : | |
| Woods, Michael J. Mooney, Britt Wright, | : | |
| William V. Conn, Jr., Conn & Co. Tax Practice, | : | |
| Conn & Company Consulting, LLC and | : | |
| Kathleen Lloyd | : | |
| Defendants. | | |

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing document has been

prepared in accordance with the font type and margin requirements of Local Rule

5.1 of the Northern District of Georgia using a font type of Times New Roman and

a font size of 14.

This 24th day of May, 2022.

/s/ *Randy S. Chartash*
Randy S. Chartash
Attorney for Defendant

GA Bar No. 121760

Chartash Law, LLC
3151 Maple Dr., NE

Atlanta, GA 30305
(404) 333-2423 (ofc)
(404) 365-3885 (fax)
randy@chartashlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| 6694 Dawson Blvd, LLC, Individually | : | |
| And on Behalf of a Class of Similarly | : | |
| Situated Persons | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:21-cv-03625-SDG |
| v. | : | |
| | : | |
| | : | |
| | : | |
| Oppenheimer & Co., Inc., James Wallace | : | |
| Woods, Michael J. Mooney, Britt Wright, | : | |
| William V. Conn, Jr., Conn & Co. Tax Practice, | : | |
| Conn & Company Consulting, LLC and | : | |
| Kathleen Lloyd | : | |
|    Defendants. | : | |

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to all counsel of record.

This May 24, 2022.

/s/ *Randy S. Chartash*
Randy S. Chartash
Attorney for Defendant

Chartash Law, LLC
3151 Maple Dr., NE
Atlanta, GA 30305

22

(404) 333-2423 (ofc)
(404) 365-3885 (fax)
randy@chartashlaw.com